# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cr51

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| BILLY RAY SURRETT. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on the court's own Motion for Psychiatric Examination to which counsel for defendant does not concur and has asked that this Order be stayed so that it may be appealed to the district court in accordance with Rule 59(a), Federal Rules of Criminal Procedure, which requires a showing that this Order is "clearly erroneous or contrary to law." Fed.R.Crim.P. 59(a). While the undersigned does not believe this decision is either contrary to law or clearly erroneous, the court will **STAY** execution by the United States Marshal of the following Order pending appeal to the district court.

On August 27, 2007, this action was called for hearing defendant's plea and determining whether the proffered plea was knowingly and voluntarily made, and whether defendant understood the charges, the potential penalties, and the consequences of his plea. The court inquired as to defendant's mental health, asking whether defendant had ever been treated for mental illness. At that point, defendant answered in the affirmative, and stated that he has been treated for Bipolar Disease and

Schizophrenia his entire life, that he has been hospitalized at Broughton State Hospital for mental illness on five different occasions with the last period of hospitalization being about five years ago, and has received mental health treatment on an outpatient basis at New Vistas, with the last treatment being a year ago. Defendant them informed the court that he quit taking his Lithium approximately a week ago because the Buncombe County jail refused to give him the blood tests that were required to keep such medication in balance. Defendant also reported commitments to the ARC in Black Mountain as well as St. Joseph's hospital in Asheville within the past two years for substance abuse issues. Neither the government nor the United States Marshal refuted defendant's statements concerning the sudden discontinuation of Lithium.

The sudden or acute withdrawal from Lithium in recent proximity to both the signing of defendant's plea and his appearance in court has given this court great concern as to whether the plea was knowingly and voluntarily signed by defendant, and whether defendant presently has the ability to understand the charges, the potential penalties, and the consequences of his plea. The court notes that respected doctors writing for professional journals have found that "the significance of mania following acute lithium withdrawal remains interesting . . . ." *Long-Term Lithium Therapy for Bipolar Disorder: Systematic Review and Meta-Analysis of Randomized Controlled*

*Trials*, Am J Psychiatry 161:217-222, February 2004. Similarly, the Institute of Psychiatry, King's College London, has found that

> there is evidence that the sudden discontinuation of lithium increases the risk of a manic or hypomanic relapse, anyone taking lithium who decides to stop it for whatever reason is well advised to do so gradually.

See www.mentalhealthcare.org.uk/content/?id=132. See also National Guideline Clearinghouse, *Bipolar Affective Disorder. A National Clinical Guideline* ("Sudden withdrawal of lithium may lead to a provocation of manic symptoms") www.guideline.gov.

Based on sudden withdrawal from lithium, a history of mental illness and substance abuse, the medical literature available to the court, and the demeanor of the defendant in open court, the undersigned finds under 18, United States Code, Section 4241(a), that there is reasonable cause to believe that defendant may presently be suffering from a mental disease or defect that may render defendant unable to understand the nature and consequences of the proceedings, and the court enters the following Order.

# ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) **THE DEFENDANT** shall be examined by at least one qualified psychiatrist or psychologist pursuant to 18, United States Code, Section 4241(b) and Rule 12.2, Federal Rules of Criminal Procedure, to determine if the defendant, BILLY RAY SURRETT, is presently insane or otherwise so mentally incompetent as to be unable to understand the criminal proceedings against him or to properly assist in his defense.

(2) **THE DEFENDANT**, BILLY RAY SURRETT, shall be examined to determine whether at the time of the commission of the alleged offense BILLY RAY SURRETT was criminally responsible pursuant to 18, United States Code, Section 4242.

(3) **FOR PURPOSES OF EXAMINATION** pursuant to Section 4241(b), defendant is committed to the custody and care of the Attorney General for placement in a suitable facility, and the examination shall be for such a reasonable time, not to exceed forty-five (45) days, as is necessary to make evaluations as to whether BILLY RAY SURRETT:

(A) is presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or to properly assist in his own defense; and

(B) was, at the time of the commission of the alleged offense, criminally responsible. 18 U.S.C. § Sections 4241(b) and 4247(b) and (c).

For purposes of determining the forty-five (45) day period, the examination is deemed to commence on the day defendant is admitted to the mental health facility.

(4) **THE WARDEN OR THE CASE MANAGER** of the designated facility is instructed that requests for extension of the 45-day examination period must be in a writing mailed to the Clerk of this court, with copies sent to the court's own counsel, the United States Attorney, and the United States Marshal.

(5) **THE PSYCHIATRIST OR PSYCHOLOGIST**, as designated by the Attorney General to examine defendant, shall prepare a psychiatric or

psychological report pursuant to the requirements of 18, United States Code, Section 4247(c).

(6) **THE PSYCHIATRIST OR PSYCHOLOGIST**, as designated by the Attorney General, shall forward the original report to this court, **a copy to the Clerk of this court**, a copy to counsel for BILLY RAY SURRETT, and a copy to the United States Attorney.

(7) **THE UNITED STATES MARSHAL,** shall transport defendant BILLY RAY SURRETT to the mental health institution, which shall be designated by the Attorney General, and return defendant BILLY RAY SURRETT immediately upon completion of the examination to the Western District of North Carolina where bond, if any, may resume. **The United States Marshal is permitted a total of 10 days within which to transport BILLY RAY SURRETT to and from the mental health institution.** If bond has not been allowed, the defendant shall remain in the custody of the United States Marshal.

(8) **THE UNITED STATES MARSHAL** shall provide defendant with medications, if any, as prescribed by a licensed physician pending and during transportation to the mental health institution designated by the Attorney General.

(9) **COUNSEL FOR DEFENDANT** is instructed that in the event psychiatrists or psychologists employed by the government determine that defendant is competent to stand trial, counsel for defendant may promptly, thereafter, file a motion for appointment and examination by independent experts. Such a motion must be accompanied by an affidavit of counsel describing the "pronounced irrational behavior" of defendant such attorney has observed, Pate v. Robinson, 383 U.S. 375, 385-86 (1966), averring and documenting that defendant has not been able to "consult with his lawyer with a reasonable degree of rational understanding," and showing that it is counsel's belief that defendant does not have a "rational as well as factual understanding of the proceedings against him." Penry v. Lynaugh, 492 U.S. 302, 333 (1989). The filing of such a motion will not be cause for continuance from a trial calendar

and motions which are not filed in good faith may result in the imposition of sanctions.

(10) In the event mental health professionals at the designated federal facility determine that defendant is presently insane or not competent to stand trial and that defendant was not criminally responsible at the time of the alleged offense, the **PSYCHIATRIST OR PSYCHOLOGIST** at the designated facility shall conduct such further tests as may be appropriate to determine whether the court's own release into the community would create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect. 18 U.S.C. Sect. 4243(e). The results of such testing and the conclusions drawn therefrom should be appended to and sent along with the psychological report.

**THIS ORDER** is **STAYED** pending review by the district court.

**THE CLERK OF COURT** is directed to *certify* copies of this Order to counsel for defendant, the United States Attorney, the United States Marshal, and the designated mental health facility also in the care of the United States Marshal.

Signed: August 28, 2007

Dennis L. Howell
United States Magistrate Judge