# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cr50

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| BILLY RAY SURRETT, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS MATTER was before the court, pursuant to the Order (#18) of Judge Lacy H. Thornburg, United States District Judge, referring this matter to the undersigned for reconsideration of an Order (#16) entered by the undersigned on September 25, 2007 directing that the defendant be examined to determine whether or not the defendant was mentally incompetent to be able to understand the criminal proceedings against him or to properly assist in his defense and to further determine whether or not at the commission of the alleged offense that he was criminally responsible pursuant to 18 U.S.C. § 4241(b) and 18 U.S.C. § 4242. From the evidence offered and the statements of counsel for the defendant and the defendant and the arguments of counsel for the defendant and the Assistant United States Attorney, the court makes the following findings:

**Findings**.  On August 27, 2007, the undersigned attempted to conduct a proceeding, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, with the defendant. The defendant had entered into a plea agreement which provided that the defendant would enter a plea of guilty before the designated United States Magistrate Judge. During the proceedings that took place on August 27th, the undersigned found that the

defendant was confused and was lethargic. The defendant did not appear to understand the questions about which the court was making inquiry nor to have an understanding of the purpose of the hearing. During the hearing, the defendant advised the court that he was not taking medication that had been prescribed for him for treatment of Bipolar Disease and Schizophrenia. The undersigned discovered that the defendant had been treated for the mental diseases of Bipolar and Schizophrenia for his entire life and that he had been hospitalized at Broughton State Hospital for mental illness on five different occasions with the last hospitalization being approximately five years previous to August 27, 2007. The defendant had also been receiving mental health treatment on an outpatient basis with the last treatment being approximately one year previous to August 27, 2007. The defendant told the undersigned that he had quit taking his prescribed medication, that being lithium, a week previous to August 27, 2007 because the Buncombe County Jail refused to give him blood test that were required to keep the medication in balance. As a result of being provided this information and having a question as to the defendant's competency to proceed and to assist in his defense in this matter, the undersigned entered an order which declined to accept the plea of guilty of the defendant and further entered an order directing that the defendant be examined to determine whether or not he was mentally incompetent so as to be unable to understand the criminal proceedings against him or properly assist in his defense.

Defendant's counsel objected to the entry of the order and as a result, the undersigned stayed the entry of the order to give the defendant an opportunity to appeal the court's decision to the District Court. On September 6, 2007 the District Court referred the matter

back for further proceedings and reconsideration of the order due to the fact that the defendant had now become compliant with taking his medications.

Prior to the entry of the plea in this matter, the undersigned made inquiry of the defendant as to whether or not the defendant was now taking lithium. The defendant told the court that he had been taking that medication as it had been prescribed from and after the proceedings that had occurred on August 27, 2007. The undersigned further made inquiry of the defendant to determine whether or not the defendant was mentally competent to proceed and could understand the questions and could provide truthful and lucid answers. After receiving responses that indicated to the undersigned that the defendant was capable of proceeding and that the defendant understood the purpose of the proceeding, the undersigned determined to go forward with the Rule 11 proceeding before ruling on whether or not the defendant was competent to proceed. This was done so that the undersigned could compare the answers to the questions provided by the defendant on September 25, 2007 with those answers that were provided on August 27, 2007. During the Rule 11 proceeding, the undersigned noticed that the mental acuity of the defendant was significantly improved than what this court had identified on August 27, 2007. The defendant appeared to understand the questions and was prompt in providing answers. There were some differences in the answers to the questions provided by the defendant. On August 27, 2007 the defendant had stated that he had been treated at the Broughton Hospital inpatient facility five times. On September 25, 2007 he advised that he had been treated at Broughton Hospital with inpatient treatment on three occasions. On August 27th the defendant stated that he had been treated

in 2006 for substance abuse at St. Joseph's Hospital. On September 25th, the defendant stated that he had been treated two years ago at Black Mountain but there had not been any further treatment.

On September 25th, the defendant's mental acuity was significantly improved and it appeared that he understood the nature of the questions and was able to assist his counsel and that he was taking his medication. After reconsidering the issue of the commitment of the defendant for an examination, the undersigned has determined to withdraw the order filed on August 30, 2007 directing that the defendant be examined in this matter.

**ORDER**

WHEREFORE, IT IS **ORDERED,** after reconsideration, that the Order (#16) filed on August 30, 2007 directing that the defendant be examined to determine his competency to proceed, is hereby **WITHDRAWN.**

Signed: October 2, 2007

Dennis L. Howell
United States Magistrate Judge